# EXHIBIT 4

JCM/IR 8 9/24/31.

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA,

IN AND FOR THE COUNTY OF SAN BERNARDINO.

---

DEL ROSA MUTUAL WATER COMPANY,
a corporation,

      Plaintiff,

vs.

D. J. CARPENTER, ISABEL C. TURNER,
J. B. JEFFERS, GEORGE S. MASON,
NATIONAL THRIFT CORPORATION OF
AMERICA, a corporation, JOHN DOE
MCKASON, MARY GLEASON, C. M. CHRIST,
GREAT VIEW WATER COMPANY, NETTIE
D. PHILLIPS, PACIFIC-SOUTHWEST TRUST
& SAVINGS BANK, a corporation,
ARTHUR R. PECK, CARRIE A. PECK,
ELLEN A. McLAUGHLIN, ARROWHEAD
SPRINGS CORPORATION, a corporation,
ARROWHEAD SPRINGS COMPANY, a corporation, J. N. BAYLIS, CALIFORNIA
CONSOLIDATED WATER COMPANY, a
corporation, CALIFORNIA CONSUMERS
CORPORATION, a corporation, et al.,

      Defendants.

No. 31798

J U D G M E N T

---

  The above entitled action coming on regularly to be heard before the Court without a jury, a trial by jury having been waived by the respective parties, Messrs. Swing & Wilson and Ralph E. Swing appearing as attorneys for the plaintiff, Messrs. Lawler & Degnan appearing for and as attorneys for defendants, California Consolidated Water Company and California Consumers Company (sued herein as "California Consumers Corporation"), respectively, and Messrs. Gibson, Dunn & Crutcher appearing for and as attorneys for defendants Arrowhead Springs Company and Arrowhead Springs Corporation, Ltd. (sued herein as "Arrowhead Springs Corporation"), and Messrs. O'Connor & Findlay appearing for and as attorneys for the other defendants above mentioned, and this cause being at issue and the parties having entered into a stipulation in writing for the entry of this judgment, and findings of fact and conclusions of law, except as set out and contained in this judgment, having been duly

-1-

waived by the respective parties, and oral evidence having been introduced and the Court being fully advised in the premises, and good and sufficient cause appearing therefor;

NOW, THEREFORE, in accordance with said stipulation, and the evidence

IT IS HEREBY ADJUDGED:

1. That plaintiff is, and defendants California Consolidated Water Company, Arrowhead Springs Corporation, Ltd. (sued herein as "Arrowhead Springs Corporation"), Arrowhead Springs Company and California Consumers Company (sued herein as "California Consumers Corporation") are corporations duly organized and existing and duly qualified and authorized to do and transact business within the State of California.

2. That neither the California Consumers Company nor the Arrowhead Springs Company have at this time any right, title or interest in or to any of the water or in or to the right to take, divert, use or transport any of the water referred to in the complaint in said action or in this judgment.

3. That East Twin Creek is a natural stream of water situated in the County of San Bernardino, State of California, and has its source in the San Bernardino Mountains lying and being to the north of the City of San Bernardino. That all of the waters of what is known as East Twin Creek watershed, except as diminished by use by defendant Arrowhead Springs Corporation, Ltd., and its predecessors in interest and by use by defendant California Consolidated Water Company and its predecessors in interest, and except as the waters thereof are lost by evaporation, transpiration, seepage and other natural causes, drain into and become a part of said East Twin Creek above the point of plaintiff's diversion hereinafter referred to. That the principal tributaries of said East Twin Creek are Strawberry Creek, Coldwater Creek, Hot Springs Creek, and other named and unnamed tributaries and springs, all of which flow and percolate into and, except as diminished as aforesaid, become a part of said East Twin Creek; also waters seep and percolate into said

East Twin Creek and its tributaries from the adjacent hills and lands draining into said East Twin Creek and its various tributaries and the canyons draining into said stream. That Strawberry Creek and its tributaries are the easterly branch of East Twin Creek above the junction of Strawberry Creek and Coldwater Creek; Coldwater Creek and its tributaries are the westerly branch of East Twin Creek above the junction of Strawberry Creek and Coldwater Creek; Hot Springs Creek and its tributaries are the lowest branch of East Twin Creek. That at the time of the appropriation, as hereinafter set forth, of the waters of said East Twin Creek by plaintiff's predecessors in interest all of the waters of said East Twin Creek and of its tributaries, except that part thereof then being used by defendant Arrowhead Springs Corporation, Ltd. and its predecessors on lands in Section 7, Township 1 North, Range 3 West, S.B.B.& M., and on lands in Sections 11 and 12, Township 1 North, Range 4 West, S.B.B.& M., above the point of plaintiff's intake, and that part lost by evaporation, transpiration, seepage and other natural causes, flowed in a southerly direction in a natural stream to and into the San Bernardino Valley, and at the time of the appropriation of the right to use such water by plaintiff's predecessors in interest none of said water had been appropriated, diverted, or used except by said Arrowhead Springs Corporation, Ltd. and its said predecessors for use upon said lands above plaintiff's point of appropriation.

That subsequent to the time when defendant, Arrowhead Springs Corporation, Ltd., or its predecessors in interest, acquired title to all the lands described in paragraph 4 below, except the north half of the northwest quarter (N½ of NW¼) of Section 12, Township 1 North, Range 4 West, S.B.B.& M., plaintiff or its predecessors in interest entered into and upon said East Twin Creek at about one mile north of the mouth of said East Twin Creek and appropriated and diverted all of the water of said stream flowing at said point and thereafter, except as hereunder provided, diverted all of the

-3-

water of said stream flowing at said point into a ditch and conduit and conveyed the same away to nonriparian lands for beneficial uses thereon.

That the point on said stream where said appropriation and diversion was so made by plaintiff, or its predecessors in interest, was below the confluence of all of said branches of said East Twin Creek and below where all of the waters of said East Twin Creek watershed converge, except as diminished as aforesaid. That ever since said appropriation and diversion of said stream all of the waters of said stream flowing at said point have been and now are taken and used for irrigation and other beneficial uses and purposes by plaintiff and its predecessors in interest, and by defendants and cross complainants named in paragraph 6 hereof, except as diminished from time to time by the use by defendant Arrowhead Springs Corporation, Ltd. and its predecessors in interest and by natural causes as aforesaid, and except that said California Consolidated Water Company and its predecessors in interest have for more than five years prior to the commencement of this action diverted into reservoirs and tanks and have diverted, taken and transported to Los Angeles and other places for bottling purposes and other commercial uses, water from said watershed adversely to said plaintiff, and to all other defendants, except Arrowhead Springs Corporation, Ltd.

4. That in the year 1863 David Noble Smith, predecessor in interest of defendant Arrowhead Springs Corporation, Ltd., settled on the East half of the Southeast quarter and the Southeast quarter of the Northeast quarter of Section Eleven (11) and the Northwest quarter of the Southwest quarter of Section Twelve (12), Township 1 North, Range 4 West, S.B.B. & M., which lands were then and until 1878 unsurveyed, and thereafter, on the 1st day of February, 1882, patent was issued therefor; that on the 3rd day of April, 1871, pursuant to the Acts of Congress approved July 27, 1866, and March 5, 1871, there was granted to Southern Pacific Railroad Company

-4-

of California, predecessor in interest of defendant Arrowhead Springs Corporation, Ltd., all of Section Seven (7), Township 1 North, Range 3 West, S.B.B.& M., and thereafter, on the 1st day of November, 1897, patent was issued therefor (which patent contained no reservation of water rights whatsoever); that on the 3rd day of April, 1871, pursuant to the Acts of Congress approved July 27, 1866, and March 3, 1871, there was granted to Southern Pacific Railroad Company of California, predecessor in interest of defendant Arrowhead Springs Corporation, Ltd., the west half of the southeast quarter (W$\frac{1}{2}$ of SE$\frac{1}{4}$) and the southwest quarter of the northeast quarter (SW$\frac{1}{4}$ of NE$\frac{1}{4}$) of Section 11, Township 1 North, Range 4 West, S.B.B.& M., and thereafter, on the 9th day of January, 1885, patent was issued therefor (which patent contained no reservation of water rights whatsoever); that on the 3rd day of May, 1877, A.B.Chapman and others, predecessors in interest of the defendant Arrowhead Springs Corporation, Ltd., made application to the United States Land Office to purchase the following described land as timberland:

> The northeast quarter of the southwest quarter (NE$\frac{1}{4}$ of SW$\frac{1}{4}$), the north half of the southeast quarter (N$\frac{1}{2}$ of SE$\frac{1}{4}$) and the southeast quarter of the northeast quarter (SE$\frac{1}{4}$ of NE$\frac{1}{4}$) of Section 12, Township 1 North, Range 4 West, S.B.B.& M.;

that thereafter, on the 15th day of August, 1889, patent was issued therefor; that in the year 1880 Thomas B. Elder, predecessor in interest of defendant Arrowhead Springs Corporation, Ltd., entered into possession of the south half of the northwest quarter (S$\frac{1}{2}$ of NW$\frac{1}{4}$) and the west half of the northeast quarter (W$\frac{1}{2}$ of NE$\frac{1}{4}$) of Section 12, Township 1 North, Range 4 West, S.B.B.& M., and that thereafter, on the 6th day of October, 1888, patent was issued therefor; that on the 29th day of October, 1891, Herbert J. Royer, predecessor in interest of the defendant, Arrowhead Springs Corporation, Ltd., entered upon the north half of the northeast quarter (N$\frac{1}{2}$ of NE$\frac{1}{4}$) of Section 12, Township 1 North, Range 4 West, S.B.B. & M., and that thereafter, on the 12th day of November, 1897, patent was issued therefor; that all

-5-

of the lands described in this paragraph are contiguous and, except such portions thereof as lie outside of the watershed of East Twin Creek, are bordering on and have access to, and are riparian to, said East Twin Creek, and all of said lands are now the property of defendant, Arrowhead Springs Corporation, Ltd., and all that portion of said lands which lie within the watershed of said East Twin Creek are hereinafter referred to as the Arrowhead Springs property. That the whole of said land is located above plaintiff's point of appropriation and intake.

That said defendant, Arrowhead Springs Corporation, Ltd., is now and it and its predecessors in interest have, for more than fifty (50) years last past, been conducting and operating on said Arrowhead Springs property a health and pleasure resort, consisting of a hotel building, cottages, bungalows and all usual and customary outbuildings, swimming pools, baths and other accessories, which establishment is now, and for many years last past has been, known as "Arrowhead Springs Hotel", and, adversely to the said plaintiff and said defendants and cross-complainants, has taken and diverted water from said East Twin Creek and its tributaries above plaintiff's point of diversion for use in said hotel, cottages, bungalows and outbuildings for domestic purposes and for baths, swimming pools and other purposes in connection therewith and for irrigation of said Arrowhead Springs property, and has also, for more than five (5) years prior to the commencement of this action, taken and diverted water from said East Twin Creek and its tributaries, above plaintiff's point of appropriation and diversion, for use in its steam cave baths situated in Waterman Canyon adversely to the said plaintiff and defendants and cross-complainants named in paragraph 6 hereof, and has also, for more than five (5) years prior to the commencement of this action, used adversely to the said plaintiff and said defendants and cross-complainants, the waters of Penyugal Spring, Granite Spring and other hot springs, all of which are located in Hot Springs Canyon on

-6-

said Arrowhead Springs property and are tributary to Hot Springs Creek, which Creek is the lowest branch of East Twin Creek, for the purpose of bottling the same and shipping the same outside of the watershed of East Twin Creek and selling the same in bottles and other containers for human consumption as mineral water, and has the right, except as limited by the provisions of paragraph (i) hereof, as such riparian owner and as appropriator and by prescription to continue so to take and use water from said East Twin Creek and its tributaries and to take and use said water on said Arrowhead Springs property for all beneficial and riparian uses and to whatever extent may be required for such uses and to take and use water from said source for use in its steam cave baths in Waterman Canyon and to take and use water from said Penyugal Spring, Granite Spring and other hot springs and to bottle and ship the same outside of the watershed in East Twin Creek, and to sell the same in bottles and other containers for human consumption as mineral water.

5. That the defendant, California Consolidated Water Company, now is and it and its predecessors in interest have been engaged in the business of diverting water from East Twin Creek and/or its tributaries into reservoirs and tanks and from thence transporting the same by means of cars and other conveyances to the City of Los Angeles, where said water is bottled for domestic use and used for the manufacture of beverages and other purposes; that said defendant, California Consolidated Water Company, has entered in and upon the springs at the headwaters of said Strawberry Creek and developed the water at said Springs that would not naturally flow to plaintiff's said point of diversion, and diverted the water of said springs including the water so developed into a pipe line and by means thereof conveyed a part thereof to its said tanks and reservoirs and transported said part thereof from such tanks and reservoirs to Los Angeles where such water has been and is now being used by said defendant in its said business. That said defendant has ex-

-7-

pended large sums of money in so developing said springs and conveying said water, and has developed an extensive business dependent entirely upon such supply of water, and it would be inequitable to enjoin said defendant from continuing to so take and use said water; that said defendant requires the use of all the water now flowing and hereafter developed and flowing from said springs tributary to said Strawberry Creek lying north of the north line of the south half of Section 31 and north of the north line of the south half of Section 32, both in Township 2 North, Range 3 West, S.B.B.& M., and, except as limited by the provisions of paragraph (i) hereof, is entitled to take and use said water; that the taking of such water will be injurious to plaintiff's right, but such injury can be compensated in damages and such damage is hereby determined to be and is the sum of twenty thousand dollars ($20,000.00). That such diversion by defendant, California Consolidated Water Company, will not, subject to the terms of paragraph (i) hereof, impair any right of any other party hereto.

6. That defendants and cross-complainants, D. J. Carpenter, Isabel C. Turner, E. C. Jefferson (named herein as John Doe) J. B. Jeffers, George S. Mason, L. R. McKesson and National Thrift Company of America, were at the time of the commencement of this action and they and their successors in interest now are the owners of the right to take and use the first ten (10) inches of the flow of the water of East Twin Creek reaching plaintiff's point of diversion; that said ten inch right is part of the right appropriated by plaintiff's predecessors in interest; that all of said ten inches, or fraction thereof, when reaching plaintiff's point of diversion, has been diverted by plaintiff and its predecessors in interest into its pipe line and delivered to said defendants at a diversion box at a point about one mile easterly from plaintiff's said point of diversion, and said defendants and cross-complainants are hereby determined to be the owners of said first ten (10) inches of the flow of said creek reaching plaintiff's point

-8-

of diversion and entitled to have said ten (10) inches of water reaching plaintiff's point of diversion delivered to them by plaintiff at the said diversion box, and said plaintiff shall continue to take and divert and deliver the same.

7. That the taking of such water as set forth in paragraph 5 above may be injurious to the rights of defendants and cross-complainants, D. J. Carpenter, Isabel C. Turner, J. B. Jeffers [E. C. Jeffers (sued herein as John Doe)] George S. Mason, L. R. McKesson and National Thrift Company of America, unless said water from said Hot Springs Creek and said East Twin Creek be diverted at a point at or adjacent to the point of confluence of said Hot Springs Creek and East Twin Creek and from thence conveyed into plaintiff's present pipe line, the northerly terminus of which is plaintiff's diversion box located about one mile northerly from the mouth of said East Twin Creek Canyon, and that said defendants and cross-complainants are entitled to have said ten (10) inches thereof belonging to them so diverted and conveyed and delivered to them by plaintiff at the present diversion box located about one mile easterly from plaintiff's said present point of diversion.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED:

(a) That defendant, Arrowhead Springs Corporation, Ltd., is, subject to the provisions of subdivision (i) hereof, the owner of the right to take water from said East Twin Creek and its tributaries and to use said water upon its said Arrowhead Springs property riparian to East Twin Creek, to the extent that such water is or may be required for any beneficial or riparian use upon said property, and to use said water to the extent of five (5) miner's inches, measured under a four inch pressure, in its steam cave baths and for domestic purposes in Waterman Canyon during the period from the first day of November to the first day of May of

-9-

each year at all times during said period when the taking thereof will not reduce the water flowing at plaintiff's intake below ten (10) inches, and to use said water to the extent of one (1) miner's inch, measured under a four inch pressure, in its steam cave baths and for domestic purposes in Waterman Canyon at all other times, and is also, subject to the provisions of subdivision (i) hereof, the owner of the right to bottle and ship, out of the said East Twin Creek watershed, waters of Penyugal Spring, Granite Spring and other hot springs tributary to Hot Springs Creek, provided, however, that said defendant, Arrowhead Springs Corporation, Ltd., shall not so use the waters of Hot Springs Creek, for shipment, irrigation or otherwise, as to reduce the flow of the waters of Hot Springs Creek at the point of its confluence with East Twin Creek below ten (10) miner's inches, measured under a four inch pressure, provided further, however, that no part or portion of any of the water of East Twin Creek, or any of its tributaries, except as otherwise herein provided, shall ever be taken to or used upon lands not riparian to said East Twin Creek.

(b) That defendant, California Consolidated Water Company, is, subject to the provisions of subdivision (i) hereof, the owner of the right to take, impound, divert, transport and carry away water of that certain spring known as "Indian Spring" and any and all of the water of all springs situated or obtainable in that part of East Twin Creek known as "Strawberry Creek and Canyon" and canyons lateral thereto lying north of a line drawn east and west through Sections 31 and 32, Township 2 North, Range 3 West, S.B.B. & M., coincident with the northerly line of the south half of Section 31 and the south half of Section 32, Township 2 North, Range 3 West, S.B.B. & M., and it may enter in and upon that portion of

-10-

said Strawberry Creek and Canyon and lateral canyons thereto lying north of said line and develop, by means of tunnels or otherwise, any and all springs or water situated or obtainable from said area north of said line, and may take and divert all of said water flowing and to flow in and from said springs and/or obtainable in said area into a pipe line and divert and carry the same, by and through such pipe line, to tanks and reservoirs upon said Arrowhead Springs property, and may take and transport the same beyond and out of said watershed for bottling or other purposes or uses.

(c) Defendant, Arrowhead Springs Corporation, Ltd., shall at all times maintain suitable and proper septic and treating tanks upon its lands and shall cause all sewage to pass through such septic and treating tanks and be properly treated before returning the same to or permitting the same to return to or flow into said East Twin Creek, and said tanks shall be so constructed and located that all water flowing from said septic tanks, not used on the premises, shall return and flow into said East Twin Creek above plaintiff's point of diversion.

Defendant, Arrowhead Springs Corporation, Ltd., shall also cause all water that may be diverted for use by said Arrowhead Springs Corporation, Ltd., not actually consumed in the exercise of the rights hereinbefore decreed to Arrowhead Springs Corporation, Ltd., to return and flow into said East Twin Creek above plaintiff's point of diversion.

(d) That plaintiff have and recover of and from the defendant, California Consolidated Water Company, the sum of fifteen thousand dollars ($15,000.00), and from defendant, Arrowhead Springs Corporation, Ltd., the sum of five thousand dollars ($5,000.00).

(e) That plaintiff is the owner of the right to have all the water of East Twin Creek and its tributaries which flows to its said intake, subject only to the rights of defendants Arrowhead Springs Corporation, Ltd., California Consolidated Water Company,

-11-

and defendants and cross-complainants designated in paragraph 6, as herein set forth.

(f) Plaintiff shall have the right to enter in and upon the lands of the defendant, Arrowhead Springs Corporation, Ltd. and construct a diversion weir and box and submerged dam upon said East Twin Creek at a point three hundred (300) feet northerly of the confluence of Hot Springs Creek and East Twin Creek, and also at the confluence of said streams, and may construct a pipe line or conduit from such point to plaintiff's present diversion box and may take and divert all of the water ordinarily flowing in said East Twin Creek at such diversion point subject only to the rights of defendants Arrowhead Springs Corporation, Ltd. and California Consolidated Water Company, and defendants and cross-complainants designated in paragraph 6, as herein set forth. The right of ingress and egress for construction and maintenance of said diversion weir and box, dam and pipe line or conduit shall be exercised in such a manner as to do the least possible damage to land, improvements, plantings and natural trees and shrubbery upon said Arrowhead Springs property, and said pipe line, if constructed, shall be maintained as free from leaks as possible and shall at all times have a depth of cover of at least two feet over the top of the pipe.

(g) Cross-complainants, D. J. Carpenter, Isabel C. Turner, E.C. Jeffers (and herein as John Doe) J. W. Jeffers, George S. Mason, L. R. McKesson and National Thrift Company of America, and their successors in interest, are the owners of the right to take and use the first ten (10) inches of water, or fraction thereof, reaching the point of diversion referred to in paragraph 6 hereof, and diverted by plaintiff into its pipe line from East Twin Creek and may take and divert said first ten (10) inches of water, or fraction thereof, reaching said point of diversion, from plaintiff's said pipe line at the diversion box now in place and used for such purpose.

-12-

That plaintiff shall immediately hereafter, at its own expense and cost, undertake and thereafter diligently prosecute the construction of such pipe line and such diversion dams, weirs, and boxes as may be necessary to divert and convey the water to which plaintiff and/or cross-complainants are entitled hereunder, from Hot Springs Creek and East Twin Creek from a point at or adjacent to the point of confluence of said Hot Springs Creek and East Twin Creek to and into plaintiff's present diversion box and pipe line, and said plaintiff shall complete said construction work on or before the 1st day of May, 1932, and shall thereafter maintain the same at its own expense, and shall thereafter convey through said pipe line and structure at least ten (10) miner's inches of said water of Hot Springs Creek and East Twin Creek if that amount be flowing therein from said point at or adjacent to the confluence of Hot Springs Creek and East Twin Creek to and into its present diversion box and pipe line, and convey such ten (10) inches thereof from thence to the point of the present diversion box of plaintiff from which diversion box defendant and cross-complainants are now taking their said ten (10) inches of said water, it being the intent and purpose hereof that said plaintiff shall deliver the first ten (10) inches of the flow of East Twin Creek at plaintiff's present point of diversion or the first ten (10) inches of water flowing in Hot Springs Creek and East Twin Creek at their point of confluence to defendants and cross-complainants at the present diversion box located at a point on plaintiff's pipe line about one mile easterly from plaintiff's present point of diversion.

(h) Each of the parties hereto is perpetually enjoined from taking, using or interfering with the use of the waters of East Twin Creek and its tributaries except as herein decreed.

(i) This judgment shall not in anywise affect, amend, or otherwise impair any contracts now in existence, or which may be

-13-

executed as of the date of this judgment, by and between defendant Arrowhead Springs Corporation, Ltd. and defendant California Consolidated Water Company, relating to the water of East Twin Creek or any of its tributaries.

(j) That pursuant to said stipulation, this judgment shall be final upon the entry thereof, and not subject to appeal or review in any manner by any of the parties to said ~~cause~~ stipulation.

(k) Each of the parties hereto shall pay its own costs.

Done in open court this 19th day of October, 1931.

_____
Judge



THE DOCUMENT TO WHICH THIS CERTIFICATION
IS ATTACHED, CONSISTING OF ___ PAGE(S), IS A
FULL, TRUE AND CORRECT COPY OF THE ORIGINAL
ON FILE AND OF RECORD IN MY OFFICE.

CHRISTINA M. VOLKERS
ATTEST _____
Clerk of the Superior Court of the State of California,
in and for the County of San Bernardino.

Date _____

By _____ Deputy
   TERRI JOHNSON

-14-



THE DOCUMENT TO WHICH THIS CERTIFICATION IS ATTACHED, CONSISTING OF _14_ PAGE(S), IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE AND OF RECORD IN MY OFFICE.

ATTEST  CHRISTINA M. VOLKERS
Clerk of the Superior Court of the State of California, in and for the County of San Bernardino.

Date  FEB 17 2015

By _____ Deputy
TERRIE JOHNSON