# EXHIBIT 8

2710
FOREST SUPERVISOR, San Bernardino  April 20, 1964
Your Ref: 4-13-64

KENTON P. CLARK, District Ranger, Cajon

Special Use Permits - Water Transmission - Arrowhead & Puritas
Waters Inc. - 11-29-60 - Proposed Extention

The following information is supplied in response to the Acting Regional Attorney's letter of April 10, 1964.

1. To answer the first question, the attached tracing is enclosed, showing the location of the five existing water sources, numbered 1, 2, 3, 7, and 8, and the location of the proposed new water source, shown in red. This is the only new watersource being considered in this application, and the only one the permittee plans to develop at the present time.

2. The new water source being proposed in this application is on National Forest land. Actually, all existing water developments are also on National Forest land.

3. In reply to the Acting Regional Attorney's questions regarding the basis for the applicant's claim that the 1931 decree binds the government, it is my understanding that any water rights in California are applied for and held by applicable state law. In the vast majority of applications for water transmission permits, the applicants merely show evidence of a water right which has never been adjudicated, and these rights have been honored by the Forest Service and the permits granted. This application involves one of the few water rights that was actually contested and it would appear to be more firm as a result of the adjudication.

The reason the Government was not a party to the lawsuit is that the government has never held any water rights in this drainage because we choose not to file for the water under the state law. It is my understanding that if we did file, the application would be contested by downstream users, and we would drop our application rather than bear the expense and ill will of carrying it judicial proceedings.

The question involved here is whether Arrowhead and Puritas Waters Inc. does in fact hold the water rights for this proposed development under applicable state law. Whether or not the Government was party to this or any other lawsuit appears to be immaterial.

The attached statement from the applicant may be of help to the Regional Attorney in developing his decision.

What we are seeking is a sound legal opinion of the applicants rights to the water in question. A legal bluff will be of no help whatsoever. We were recently involved in a legal bluff concerning the admission of a fire trespass report into court, and when this bluff was called it left the field personnel concerned in a rather embarrassing situation. In the interest of continuing good relations with the permittee, it would be unwise to cause unnecessary delays in this application if it would be granted in the long run.