# EXHIBIT 17



| | | | |
|---|---|---|---|
| **United States Department of Agriculture** | **Forest Service** | **San Bernardino National Forest Supervisor's Office** | 602 S Tippecanoe Ave<br>San Bernardino, CA  92408<br>909-382-2600<br>TDD: 1-800-735-2922 |

**File Code:** 2720         **Date:** April 24, 2024

Louis Mixon, III
Senior Natural Resource Manager
BlueTriton Brands, Inc
4718 Mountain Creek Parkway
Dallas, TX 75236

Dear Mr. Mixon,

Thank you for your correspondence of April 23, which I received yesterday. The Forest is more than happy to accommodate your request for both email and certified mail copies of the correspondence, and we hope that this protocol will facilitate the timeliness of our future communications. I appreciate your responses to my previous inquiries and clarify the Forest's requirements below. I look forward to your response to my last correspondence dated 18-Apr-2024. Because several of our missives have crossed in time, I attach the relevant requests to this letter.

Regarding your preliminary comments: the terms and conditions of the current special use authorization, FCD728503 (permit) do indeed evidence the Forest Service's concern with the beneficial use and location of use of the waters permitted to be taken under the permit as my prior correspondence indicated. (See section VIII.H. which requires notice for any change in beneficial use or location of use from *each extraction point.*) Clearly, currently waters which were previously directed to BlueTriton's bottling facilities are being delivered to a different location and are being used in a different manner. As the permit holder, you are required to provide the relevant information to the Forest Service.

Further, as with all Forest Service permits, your permit specifically requires compliance with applicable State law (Section I.F), in this case California State Water law. In order to monitor compliance with the permit it is necessary that the Forest Service know the locations of the water uses and the beneficial uses for the waters taken from each facility authorized by the permit. Previously, BlueTriton and its predecessors delivered the vast majority of waters to bottling facilities (a recognized beneficial use under California law) with a small share going to the San Manuel Band of Mission Indians for use on their riparian property. Clearly, this is currently no longer the case, and it is incumbent upon you to provide the Forest Service with the relevant information.

This information is also necessary for the Forest Service to evaluate BlueTriton's outstanding application for a long-term permit. The details I requested fall under 36 CFR 254.54, which enables an Authorized Officer to request additional information in the course of reviewing an application. Please provide all the requested information concerning the location of use and beneficial use of the waters from each facility expeditiously. Because I reiterated the need for this information in my previous letter (18-Apr-2024) (attached hereto) and the amendment to the permit (sent at the same time), I will not re-list each item now. I encourage you to review those documents and the associated deadlines.

Finally, a reminder that while the San Manuel Band of Mission Indians may be the end user of waters supplied by BlueTriton, and it may be the Tribe's riparian right that allows BlueTriton to remove certain waters from the National Forest, it is BlueTriton which holds the permit for these operations, and thus the obligation to satisfy all the terms and conditions of the permit. It is BlueTriton's responsibility to provide

     Caring for the Land and Serving People     Printed on Recycled Paper 

the Forest Service with all relevant information, including the location of use and beneficial use for all the waters that are taken under the permit, our communications with the Tribe notwithstanding.
At this time, you should plan to respond to the permit amendment requirements as well as the accompanying letter addressing your application and adhere to the deadlines stipulated in those documents. Bear in mind that I am requiring you to address each point separately and in detail, with supporting evidence where necessary, with the understanding that the statements made in your 23-Apr-2024 letter were not sufficient.

We look forward to meeting you on May 22nd, and in the interim to receiving the information we've requested. If you have any questions or need further clarification, please contact Dave Anderson at david.anderson2@usda.gov. We'd be happy to arrange any staff-to-staff conversations that would be helpful to you."

Sincerely,

Michael Nobles
DISTRICT RANGER